James H. Cossitt (Mont. # 4773)
JAMES H COSSITT PC
PO Box 1889
Kalispell MT 59903-1889
Tel: 406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR PLAINTIFFS

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>　　JOHN HENRY SCHNEIDER,<br><br>　　Debtor. | Case #14-61357-7 |
| JOHN HENRY SCHNEIDER; Michelle R. Schneider; Michelle R. Schneider as trustee of the Brandon Schneider Benefit Trust, dated March 30, 2012; Michelle R. Schneider as trustee of the Shannon Schneider Benefit Trust, dated March 30, 2012; Michelle R. Schneider as trustee of the Caitlin Schneider Benefit Trust, dated March 30, 2012; Schneider Management, LLC; Schneider Limited Partnership; MedPort, LLC; BSC, LLC; John Schneider, as trustee of the John Schneider Revocable Trust Dated November 20, 2007; Michelle Schneider, as trustee of the Michelle Schneider Revocable Trust Dated November 20, 2007,<br><br>　　Plaintiffs,<br><br>vs.<br><br>MERIDIAN SURGICAL PARTNERS, LLC; and MERIDIAN SURGICAL PARTNERS MONTANA, LLC,<br><br>　　Defendants. | Adversary # 17-_____ |

In re: Schneider, Case #14-61357-7　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 1 of 14

# COMPLAINT

COME NOW the Plaintiffs, file this Complaint and pursuant to FRBP 7001 and 7008, state:

# JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to 28 USC § 1334 based on this proceeding arising in, arising under or related to the chapter 7 case in the caption.

2. Pursuant to FRBP 7008, Plaintiff states this adversary proceeding arises in the chapter 7 case noted in the caption above, now pending in the District of Montana, is a core proceeding under 28 U.S.C. 157(b)(2), and consents to the entry of final orders or judgment by the bankruptcy judge.

3. To the extent that some of the claims may be non-core, Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge.

4. Venue is proper in this District pursuant to 28 USC §§ 1408 and 1409.

# PARTIES

5. John Henry Schneider ("**Debtor**"), is a natural person with a mailing address of with a mailing address of 543 Camino De Orchidia, Encintas, CA 9202

6. Michelle R. Schneider ("**Michelle**"), is a natural person with a mailing

address of 543 Camino De Orchidia, Encintas, CA 92024.

7. Michelle R. Schneider also appears as Plaintiff h her capacity as trustee of:

   a. the Brandon Schneider Benefit Trust, dated March 30, 2012 (the "**Brandon Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;

   b. Michelle R. Schneider as trustee of the Shannon Schneider Benefit Trust, dated March 30, 2012 (the "**Shannon Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024;

   c. the Caitlin Schneider Benefit Trust, dated March 30, 2012 (the "**Caitlin Trust**" and collectively with the Brandon Trust and the Shannon Trust, the "**Children's Trusts**").

   d. the Michelle Schneider Revocable Trust Dated November 20, 2007 (the "**Michelle Trust**"), with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024.

8. Schneider Management, LLC ("**Schneider Management**"), is a Limited Liability Company with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024.

9. Schneider Limited Partnership ("**Schneider LP**"), is Limited Partnership with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024.

10. MedPort, LLC ("**MedPort**"), is a Limited Liability Company with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024.

11. BSC, LLC ("**BSC**"), is a Limited Liability Company with a mailing address of 543 Camino De Orchidia, Encintas, CA 92024.

12. John Schneider, also appears as a Plaintiff in his capacity as trustee of the John Schneider Revocable Trust Dated November 20, 2007 (the "**John Trust**"), with a

In re: Schneider, Case #14-61357-7                                                                    Page 3 of 14
Schneider et al v. MSP, et al,  AP 17-___
Complaint

2:17-ap-00016-JDP    Doc#: 1    Filed: 05/15/17    Page 3 of 14

mailing address of 543 Camino De Orchidia, Encintas, CA 92024.[1]

13. Defendant, Meridian Surgical Partners, LLC ("MSP ") is a Delaware limited liability company operating out of the state of Tennessee.

14. Defendants Meridian Surgical Partners – Montana, LLC ("MSPM") is a Delaware limited liability company.

15. As used herein, MSP refers to both MSP and MSPM collectively.

## ALLEGATIONS COMMON TO ALL COUNTS

MSP & MSPM'S PARTICIPATION IN THE BANKRUPTCY CASE:

16. Sometime in 2014 MSP & MSPM and Schneider commenced and asserted claims against each other in case # 65-20-1400-0026 pending with the American Arbitration Association ("the MSP arbitration case").

17. On 12/4/14 John Schneider commenced this chapter 7 case by the filing of a voluntary petition. As a result of that petition, an estate was created and the automatic stay took effect instantly.

18. MSP and MSPM is or was a "creditor" of the debtor as defined in §101 (10) of the Code.

19. On 4/7/15, MSP & MSPM filed Proof of Claim #10 (POC #10) asserting a claim of $3,000,000.00 against the estate based on (see POC 10-1, page 4/4) the arbitration case:

---

[1] The Plaintiffs will be referred to collectively as "the Schneider parties."
In re: Schneider, Case #14-61357-7                                                                                          Page 4 of 14
Schneider et al v. MSP, et al,   AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 4 of 14

> 2. Basis for Claim: Meridian Surgical Partners – Montana, LLC ("Meridian-Montana") asserted claims against Debtor John Schneider, M.D. in an arbitration proceeding. After that arbitration proceeding was consolidated with a separate but related arbitration proceeding involving Meridian-Montana and Meridian Surgical Partners, LLC ("Meridian"), Dr. John Schneider and numerous other parties filed a Joint Demand for Arbitration and subsequent Second Joint Demand for Arbitration against Meridian and Meridian-Montana. In that proceeding, Meridian and Meridian-Montana asserted certain Counterclaims against Dr. John Schneider. See, the Answering Statement and Counterclaims, attached as Exhibit "A". Those Counterclaims include claims for breach of the duty of loyalty and/or fiduciary duties to Meridian-Montana, breach of the express provisions of the ONI LLC Operating Agreement, and breach of the implied covenant of good faith and fair dealing inherent in the ONI LLC Operating Agreement. The amount of damages remains to be determined at trial. In their prayer for relief, claimants seek on their Counterclaims compensatory damages in an amount to be proven at trial and not less than $3,000,000.00, as well as all costs, expenses, and reasonable attorney's fees.

20. MSP and MSPM entered into an agreement with the Chapter 7 Trustee to settle the claims in the Proof of Claim and other matters.

21. The trustee filed a Motion to Approve Settlement and agreement at docket #342 and 342-1 respectively which was approved by the Court Order at docket #384.

22. The Settlement Agreement at docket # 342-1 provides in Recitals, ¶ C,, page 1-2 / 6, as follows:

> Montana. On or about July 14, 2015, the Trustee filed an Amended Complaint in the forgoing Adversary action wherein the Trustee is asserting the following claims:
>
> Count I – Substantive Consolidation, Count II – Reverse Piercing/Alter Ego, Count

23. The Settlement Agreement at docket # 342-1 provides in ¶ 2, page 3/6, as follows:

> b. Meridian shall withdraw the Meridian POC in the Bankruptcy Case ("POC 10"), with prejudice. The Claim shall not be withdrawn until after the entry of a Final Order approving this Settlement, with no appeal having been taken or with the appeal having been favorably resolved in favor to the Trustee and Meridian;

In re: Schneider, Case #14-61357-7                                              Page 5 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP    Doc#: 1    Filed: 05/15/17    Page 5 of 14

c. Meridian and the Estate shall provide full mutual releases to each other, including a release by Meridian of all claims in the Arbitration between the Debtor/Estate and Meridian The Release of All Claims shall be drafted and construed to the broadest extent possible in order to fully and finally release and discharge:

  i. Any and all Pre-Petition claims that John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate may have against Meridian, including but not limited to the $15 million claim disclosed on Debtor's Bankruptcy Schedules and Amended Bankruptcy Schedules;

  ii. Any and all Pre-Petition claims that Meridian may have against John Henry Schneider and/or the John Henry Schneider Bankruptcy Estate.

d. In the Arbitration proceeding described hereinabove, all of the claims of John Henry Schneider and/or the Bankruptcy Estate against Meridian shall be dismissed with prejudice. Similarly, all of Meridian's claims against John Henry Schneider and/or the Bankruptcy Estate of John Henry Schneider shall be dismissed with prejudice. Each party shall be responsible for its own costs, expenses and attorneys' fees. This Settlement and the Mutual Release shall not affect the remaining claims by or against Meridian or Schneider Limited Partnership, Michelle Schneider or Schneider Management, LLC, in the arbitration.

24. On 6/11/16, MSP withdrew POC #10 (see POC docket #10-2).

THE COLLECTION ADVERSARY PROCEEDING, CASE # 15-15, and THE TRUSTEE'S SETTLEMENT WITH THE SCHNEIDER PARTIES:

25. On 5/22/15, the trustee filed adversary proceeding #15-15 in the United States Bankruptcy Court for the District of Montana against a variety of parties.

26. On or about 7/14/15, the trustee filed an amended complaint at docket # 16.

27. Count I of the amended complaint asserted substantive consolidation

In re: Schneider, Case #14-61357-7 Page 6 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 6 of 14

claims in ¶¶ 89-99 and provided inter alia:

"COUNT I – SUBSTANTIVE CONSOLIDATION (Schneider LP, Schneider Management, and MedPort)
99. Trustee is therefore entitled to an order substantively consolidating Schneider LP, Schneider Management, and MedPort into Debtor's bankruptcy estate. The order should specifically state that consolidation is effective nunc pro tunc to the date of Debtor's bankruptcy filing. Further, the order should specifically state that Trustee is entitled to pursue any and all claims of action belonging to Schneider LP, Schneider Management and/or MedPort, including but not limited to actions for recovery of fraudulent transfers. . . . . . .

PRAYER FOR RELIEF . . . . . . . WHEREFORE, Plaintiff prays for: . . . . . . .

1. An order of this Court substantively consolidating into Debtor's estate Schneider LP, Schneider Management, and MedPort, nunc pro tunc to the date of Debtor's bankruptcy filing, as well as deeming any and all property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;"

28. Count II of the amended complaint asserted reverse piercing / alter ego

claims in ¶¶ 100-108 and provided inter alia:

"COUNT II – REVERSE PIERCING/ALTER EGO (Schneider LP, Schneider Management, Medport, and BSC) . . .

108.   Trustee is therefore entitled to an order that Schneider LP, Schneider Management, Medport and BSC are the alter egos of Debtor, and that the corporate shields be pierced in reverse. Trustee is further entitled to an order that, as the alter egos of Debtor, the assets of Schneider LP, Schneider Management, Medport and BSC are property of the bankruptcy estate available to Debtor's creditors, and that the Trustee is entitled to pursue any and all claims of action belonging to Schneider LP, Schneider Management, Medport and/or BSC, including but not limited to actions for recovery of fraudulent transfers.

PRAYER FOR RELIEF . . . . . . WHEREFORE, Plaintiff prays for:

2. An order of this Court that Schneider LP, Schneider Management, Medport, and BSC are the alter egos of the Debtor, and that the corporate shields as to those entities should be pierced in reverse, as well as deeming any and all

In re: Schneider, Case #14-61357-7                                                                                                Page 7 of 14
Schneider et al  v.  MSP, et al,   AP  17-___
Complaint

2:17-ap-00016-JDP    Doc#: 1    Filed: 05/15/17    Page 7 of 14

property of those entities the property of the bankruptcy estate and permitting the Trustee to pursue all claims and entitlements of said entities on behalf of the estate;"

29. The trustee filed a Motion to Approve Settlement and agreement at docket #340 and 340-1 respectively which was approved by the Court Order at docket #426. The Settlement Agreement at docket # 340-1 provides:

> "2. . . . . .
> i. The Trustee and the Estate shall retain Debtor's individual claims against Meridian. Without waiving any defenses that Trustee/Estate shall have, Trustee/Estate shall assume responsibility for settlement of all costs and fees determined to be attributable to Trustee's/Estate's retention of John Schneider's individual claims against Meridian in the Arbitration.
>
> k. The Trustee shall convey to Michelle Schneider or her designee any and all interest the estate might have or claim to have in Schneider LP and Schneider Management by way of a sale pursuant to 11 U.S.C. § 363(f).
>
> l. The Trustee shall abandon any and all interest, if any, in claims that the estate might have against:
>
>> i. Claims against any third party professionals who prepared or advised the Debtor on any matter prior to the commencement of the bankruptcy case
>>
>> ii. Claims of Schneider LP, Schneider Management, Medport, BSC, NRNS, and the Children's Trusts.
>>
>> iii. Claims against Meridian held by any of the Schneider Parties other than Debtor.
>>
>> iv. Medport, NRNS, and BSC;
>
> n. The Parties stipulate that the causes of action asserted by the Trustee in AP 15 are all property of the bankruptcy estate, to the exclusion of any creditor, and shall request a finding of fact and conclusion of law to this effect by the court that approves this settlement. It shall be a condition precedent to this settlement that the court make such a finding and conclusion.

In re: Schneider, Case #14-61357-7  Page 8 of 14
Schneider et al v. MSP, et al,  AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 8 of 14

o. The Trustee shall request an order of the court that authorizes and directs the trustee not to share with any other person or entity any work product with respect to this adversary proceeding or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with this agreement or the trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

5. Approval of Bankruptcy Court. . . . . . . All Parties agree that the Bankruptcy Court shall have sole and exclusive jurisdiction to enforce this Agreement."

30. The Order of 6/7/16 at docket #426, approving the Compromise Settlement, provides:

IT IS FURTHER ORDERED that the causes of action asserted by the Trustee in AP 15-00015 are all property of the bankruptcy estate, to the exclusion of any creditor, and are deemed fully settled, on the merits, pursuant to this Order.

IT IS FURTHER ORDERED that the Trustee shall not share with any other person or entity any work product with respect to this AP 15-00015 or discuss any aspect of this adversary proceeding with any other person or entity, other than what is reasonably necessary to obtain court approval or to otherwise comply with Settlement Agreement and Release, or to comply with the Trustee's duties as a chapter 7 panel trustee, or except as otherwise compelled pursuant to a court order or enforceable subpoena.

31. The Order at #426 binds all creditors and parties in interest, is the law of the case and is res judicata on the ownership and continued existence of the claims.

THE MSP ARBITRATION CASE & AWARD:

32. On 06/07/2016, MSP moved to Limit and Exclude Testimony, to Adopt Adverse Inferences, and for Sanctions against SLP and argued that the arbitrator should

In re: Schneider, Case #14-61357-7    Page 9 of 14
Schneider et al v. MSP, et al,  AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 9 of 14

order that "Dr. Schneider and SLP are one and the same and SLP is the alter ego of Dr. Schneider."

33. The MSP Arbitration was held from June 15 to 24, 2016.

34. On 10/28/16 the arbitrator entered Findings of Fact, Conclusions of Law and Interim Award ("the Interim Award").

35. In the Interim Award, at the Conclusion of Law § C, the arbitrator concluded that SLP is an alter ego of John Schneider:

> 24. The law and the evidence support the conclusion that Claimant Schneider Limited Partnership is the alter ego of Dr. Schneider and that Respondents' claims are not barred by the Bankruptcy Court Settlement. *See* Findings 282-312 above.

36. MSP and MSPM continue to assert the claims in the arbitration proceeding.

## COUNT I (VALIDITY, PRIORITY AND EXTENT OF INTEREST IN PROPERTY, FRBP 7001(2))

37. Plaintiffs replead ¶¶ 1-36.

38. The alter ego findings and award contained in the Interim Arbitration Award (see ¶ 34 above) are based on, arise out of and / or are the same claims asserted by the trustee in Counts I and II of Adversary #15-15.

39. The claims asserted by the trustee in Adversary #15-15 were:

   a. owned exclusively by the bankruptcy estate from 12/4/14 until 6/23/16; and

   b. owned by the bankruptcy estate to the exclusion of any creditor; and

In re: Schneider, Case #14-61357-7                                          Page 10 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 10 of 14

      c.   dismissed with prejudice by both the Bankruptcy Court and the US District Court, case 1:15-cv-00097-SPW-RBK, docket # 45 filed 06/23/16; and

      d.   once dismissed with prejudice, the claims ceased to exist.

40.    MSP asserted dominion and control over estate property when it asserted claims it did not own during the MSP Arbitration case until 6/23/16.

41.    By asserting dominion and control over those claims, MSP violated the automatic stay until 6/23/16.

42.    From and after 6/23/16, MSP asserted and prosecuted claims that no longer existed and that it had no right, title or interest to.

43.    MSP assertion of these claims in the arbitration case was a violation of the settlement agreement at docket #340 and the Order at #384.

WHEREFORE, Plaintiffs demand judgment that the claims in Counts I and II of Adversary #15-15:

a.    were owned by the bankruptcy estate to the exclusion of any other party; and

b.    ceased to exist upon dismissal with prejudice;

c.    that the MSP & MSPM assertion of control over the claims at any time prior to 6/23/16 were violations of the automatic stay; and

d.    for attorney's fees and costs as a result of the stay violations;

e.    that MSP and MSPM have no valid interest in the claims that allowed them to prosecute the claims after they were dismissed on 6/23/16; and

f.    for any other appropriate remedy, at law or equity; and

g.    for such other & further relief as is just & equitable pursuant to FRCP 54(c).

In re: Schneider, Case #14-61357-7                        Page 11 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 11 of 14

## COUNT II (INJUNCTION)

44. Plaintiffs replead ¶¶ 1-43.

45. The continued assertion of the claims by MSP and MSPM are in violation of the Order at docket #426 and a Preliminary Injunction and Permanent Injunction should be granted in that:

   a. Plaintiffs have a substantial probability or likelihood of success on the merits in this case; and

   b. The continued prosecution of the claims by MSP and MSPM in the arbitration case has caused and will continue to cause irreparable harm to Plaintiffs;

   c. The likelihood or threat of injury to the Plaintiffs outweighs any injury to MSP or MSPM; and

   d. An injunction would not be adverse to the public interest.[2]

46. MSP asserted dominion and control over estate property when it asserted claims it did not own during the MSP Arbitration case until 6/23/16.

47. By asserting dominion and control over those claims, MSP violated the automatic stay until 6/23/16.

48. From and after 6/23/16, MSP asserted and prosecuted claims that no longer existed.

49. MSP assertion of these claims in the arbitration case was a violation of the settlement agreement at docket #340 and the Order at #384.

---

[2] In fact, the public interest is furthered by upholding the validity, integrity and extent of existing court orders.

In re: Schneider, Case #14-61357-7  Page 12 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP   Doc#: 1   Filed: 05/15/17   Page 12 of 14

WHEREFORE, Plaintiffs demands judgment for an injunction, pursuant to § 105, in favor of all Plaintiffs **other than SLP** and against MSP and MSP-M, for:

a. for in injunction that to restrain and prohibit MSP and MSP-M from any further prosecution of the alter ego claims in the MSP Arbitration case;

b. for an injunction to restrain and prohibit MSP and MSP-M from enforcing, attempting to enforce any aspect of the award, including:

   1. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding;

   2. the enforcement, against any Plaintiffs or against property of any Plaintiff, of a judgment obtained before the commencement of the case under this title;

   3. any act to obtain possession of property of any Plaintiff or to exercise control over property of the estate;

   4. any act to create, perfect, or enforce any lien against property of any Plaintiff;

   5. any act to create, perfect, or enforce against property of any Plaintiff any lien to the extent that such lien arises out of or relates to the arbitration award;

   6. any aspect of the arbitration award against any party to this action other than Schneider Limited Partnership; and

c. for any other appropriate remedy, at law or equity; and

d. for such other & further relief as is just & equitable pursuant to FRCP 54(c).

Dated: May 15, 2017

/s/ *James H. Cossitt*

James H. Cossitt (Mont. # 4773)
ATTORNEY FOR DEBTOR

In re: Schneider, Case #14-61357-7　　　　　　　　　　　　　　　　　　　　　　　Page 13 of 14
Schneider et al v. MSP, et al, AP 17-___
Complaint

2:17-ap-00016-JDP    Doc#: 1    Filed: 05/15/17    Page 13 of 14

Original filed via ECF

C:\Users\jhc\Documents\FU\Back\Schneider\17-XXX - USBC MT\2017-05-15 - Complaint.docx
Revised   5/15/2017 20:35     JHC

In re: Schneider, Case #14-61357-7                                                                                    Page 14 of 14
Schneider et al  v.  MSP, et al,   AP  17-___
Complaint

2:17-ap-00016-JDP    Doc#: 1    Filed: 05/15/17    Page 14 of 14