Doug James (#2237)
MOULTON BELLINGHAM PC
27 N. 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com

Attorneys for Meridian Surgical Partners – Montana, LLC
and Meridian Surgical Partners, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>**JOHN HENRY SCHNEIDER,**<br><br>Debtor. | Case No. 14-61357-7 |
| JOHN HENRY SCHNEIDER; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDIAN SURGICAL PARTNERS, LLC; and MERIDIAN SURGICAL PARTNERS - MONTANA, LLC,<br><br>Defendants. | Adversary No. 17-00016<br><br>**OBJECTION TO MOTION TO CONSOLIDATE**<br><br>**NOTICE OF HEARING:**<br><br>Date:    **August 15, 2017**<br>Time:    **9:30 a.m.**<br>Location:  **James F. Battin Courthouse**<br>               **2601 2nd Ave. N., 5th Floor**<br>               **Billings, MT 59701** |

Meridian Surgical Partners, LLC and Meridian Surgical Partners-Montana, LLC ("Meridian") respectfully object to the Motion to Consolidate filed on July 11, 2017 (Doc. No. 527).

# INTRODUCTION

The Court should deny the Motion to Consolidate, pursuant to Federal Rule of Civil Procedure 42(a)(2), because the matter before the Court between the Trustee and the Schneider Parties involve distinct material questions of law and fact, events, defendants, and claims to the two matters before the Court involving Meridian and the Schneider Parties.

The Schneider Parties have moved to consolidate the following:

1. *Womack v. John & Michelle Schneider*, Adversary Case No.17-00021. The Trustee filed this adversary action against John & Michelle Schneider on June 14, 2017. The Trustee seeks money from the Schneiders, including a 2012 income tax refund, proceeds from the sale of irrigation equipment that was property of the estate, and damages for breach of contract, fraud, and negligent misrepresentation. Meridian is not a party to this adversary action.

2. Motion for Contempt, Doc. No. 515, *In re: John H. Schneider,* Case No. 14-61357. The Schneider Parties filed a motion for contempt against Meridian arising from the findings of fact and adverse inferences drawn by the Arbitrator in an American Arbitration Association proceeding. The Bankruptcy Estate and Trustee are not parties to this motion. Neither the Trustee nor the Debtor were parties to the arbitration hearing at issue.

3. *The Schneider Parties v. Meridian*, Adversary Case No. 17-00016. The Schneider Parties filed an adversary complaint against Meridian seeking a contempt finding and injunction arising from the findings of fact and adverse

inferences drawn by the Arbitrator in an American Arbitration Association proceeding. The Bankruptcy Estate and the Trustee are not parties to this adversary action. Neither the Trustee nor the Debtor were parties to the arbitration hearing at issue.

## ARGUMENT

### I. The Three Matters Do Not Contain Common Questions of Law and Fact.

The Court should deny the motion to consolidate because the Movants have failed to meet their burden to demonstrate that the proceeding related to the Trustee contains common questions of law or fact sufficient to justify consolidating it with the two matters related to Meridian.

Pursuant to Fed. R. Civ. P. 42(a)(2), consolidation is discretionary not mandatory even if a movant can show some common questions of law or fact among a myriad of unrelated questions of law and fact. See *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (noting that a court *may*, but is not *required* to, consolidate actions if they involve common questions of law or fact (emphasis added)). In this case, the material questions of law and fact involving the Trustee are not common to the material questions of law and fact pertinent to the Meridian matters. For this reason, the Court in exercising its discretion to order consolidation, should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice. *Khalafala v. Miller*, Nos. CV–10–984–PHX–ROS, CV–10–986–PHX–ROS, CV–10–1259–PHX–ROS, CV–10–2552–PHX–ROS, CV–10–2553–PHX–ROS, 2011 WL 1808031, at *1 (D. Ariz. May 12, 2011).

In *Khalafala*, Plaintiff had approximately ten civil rights suits pending against a variety of defendants and stemming from his detention in the Florence Detention Center and the Pinal County Jail. *Id.* at *1. The court determined that although Plaintiff's suits may involve some common questions of law and fact in that they all stem from his treatment at the Center and Jail, consolidation of the claims was not proper. *Id.* Since the suits involved different events, different defendants, and different types of claims, judicial convenience would not be served with consolidation. *Id.* Rather, consolidation would likely result in a "completely unwieldy case" causing greater delay and expense than it would avoid. *Id.*

Similarly, judicial convenience would not be served by consolidating the pending actions in the present case. Similar to the actions in *Khalafala* all stemming from one broad time period, the Movants' actions may all stem from the Settlement Agreement, however, the opposing parties, the claims, and events are different in the proceedings brought by the Trustee and the proceedings against Meridian. The Trustee's adversary proceeding against John and Michelle Schneider is in no way related to Movants' proceedings against Meridian.

The Trustee's new adversary case (17-00021) arises out of the settlement of an earlier adversary case (15-00015). Meridian was not a party to either the underlying adversary case or the subsequent settlement. Meridian is not a party to the Trustee's new adversary case. The Trustee's complaint asserts that in connection with the settlement:

4

1. Schneiders misrepresented that they were entitled to an income tax refund of $123,250.00 when, in fact, they were only entitled to a refund of $3,250;
2. Schneiders failed to disclose and pay to the Estate a 2012 tax refund in the amount of $22,287.89;
3. Schneiders sold irrigation equipment associated with the Whispering Winds Ranch in Wyoming. As part of the settlement with the Trustee, the Estate was to receive the Whispering Winds Ranch and "all improvements, fixtures and appurtenances". Because Schneiders sold the irrigation equipment, the Estate incurred additional expenses in excess of $20,000.
4. That the Schneiders committed fraud in connection with the settlement agreement, breached the contract, and have failed to turnover property of the estate to the Trustee.
5. That the Schneiders are guilty of fraud in the inducement of the settlement agreement and negligent misrepresentation.

The Trustee's allegations have nothing to do with the Schneider Parties' actions Meridian which are a contempt motion and a complaint that essentially mirrors the contempt motion and also seeks a contempt sanction and an injunction. Neither of those matters involve the Trustee, the Bankruptcy Estate, or any asset of the Estate. The contempt motion and the Trustee's new adversary case do not share common questions of law and fact, events, defendants or claims. Therefore, the Trustee's adversary action should not be consolidated with the contempt motion or contempt adversary.

The contempt proceedings arise from an AAA arbitration hearing in a case that involved Schneider Limited Partnership and Meridian. The Bankruptcy Estate, John H. Schneider, and Michelle Schneider had been parties to the arbitration case, but they were dismissed, with prejudice, well before the arbitration hearing[1]. (Exhibit "1"). The arbitration was initiated on July 9, 2013 and arose from the failure to open of an ambulatory surgical center. After nearly three years of litigation, the arbitration resulted in a nine-day arbitration hearing in Minneapolis in June of 2016. Twelve witnesses testified, creating a record of approximately 1880 pages. Deposition designations of another 10 witnesses were included in the record. The record also included 456 exhibits.

On October 28, 2016, the Arbitrator entered a 130-page Order with Findings of Fact and Conclusions of Law. (Exhibits "3" & "4"). Ultimately, the Arbitrator ruled against SLP on its claim for $15 million and ruled in favor of Meridian, entering an award in the amount of $3,669,138.60, against SLP[2]. (Exhibits "3" & "4"). Meridian took no action and made no effort to collect on the award, prior to the Schneider Parties filing the contempt proceedings.

---

[1] The Bankruptcy Estate settled with Meridian. The Trustee filed a Rule 9019 motion to approve the settlement on May 19, 2016. (Doc. No. 342). The Settlement between the Estate and Meridian was approved by the Court. (Doc. No. 384 & 426). Under the terms of settlement, the Estate paid Meridian $6,500 and Meridian withdrew its proof of claim in the Schneider case. Based upon the settlement, Meridian ceased to be a creditor of the Estate. The Trustee and Meridian also executed a mutual release of all claims. (Exhibit "2"). As part of the Settlement and release, Meridian also released any claims that it had against John Schneider, personally, as well as against the Estate. (Exhibit "2"). The dismissal Order provided: "the claims of Respondents against the John H. Schneider and the Bankruptcy Estate of John H. Schneider are dismissed, **With Prejudice**. Similarly, the Claims of John H. Schneider and the Bankruptcy Estate of John H. Schneider against Respondents are dismissed, **With Prejudice**". (Exhibit "2").

[2] The arbitration hearing only involved Claimant SLP and Respondents Meridian. The award was against SLP only.

During the arbitration, John Schneider refused to answer material questions during his deposition. Meridian filed a motion to compel his testimony and on May 20, 2016, the Arbitrator entered an Order compelling John Schneider to sit for a second deposition and to answer Meridians' questions. (Exhibit "5"). Dr. Schneider did sit for a second deposition, but he again refused to testify and answer Meridians' questions. Dr. Schneider asserted his 5th Amendment Right against self-incrimination from further "civil liability" 186 times.

After Dr. Schneider, the representative of SLP, violated the Arbitrator's Order and refused to testify at his second deposition, Meridian filed a motion pursuant to AAA Rule 23, to Limit and Exclude Testimony and for the Adoption of Adverse Inferences and Sanctions against SLP. (Exhibit "6"). The Arbitrator initially denied Meridians' motion for adverse inferences as premature. (Exhibit "7"). After the 9-day hearing and after the designation of 10 depositions as part of the record, the matter was submitted to the Arbitrator for decision.

In the Findings of Fact, the Arbitrator drew adverse inferences against SLP, from Dr. Schneider's refusal to testify, and found that SLP was the alter ego of Dr. Schneider. (Exhibit "3").

The contempt motion and adversary both arise from the AAA arbitration. The Schneider Parties claim that Meridian violated a Bankruptcy Court Order when it filed its motion for adverse inferences (Exhibit "6") against SLP in the arbitration proceeding and that the ultimate award by the arbitrator, with an alter ego finding against SLP, was also a violation of a Bankruptcy Court Order.

The contempt motion and adversary proceedings are clearly distinguishable from the Trustee's new adversary case (17-00021):

- The arbitration proceeding was tried and completed in June 2016 and a final award has been entered against SLP. (Exhibits "3" & "4"). The Trustee's new case against John & Michelle Schneider, is only beginning. The Defendants have not even answered.

- Meridian is not a party to the Trustee's new adversary action. The Trustee was not a party to the arbitration hearing, nor was John H. Schneider and Michelle Schneider.

- The arbitration hearing and award did not involve the Bankruptcy Estate, John H. Schneider, Michelle Schneider, or any of the Schneider Parties, with the exception of SLP.

- Meridian is not a creditor of the Schneider Bankruptcy Estate.

- Meridian released any and all claims that it has against the Bankruptcy Estate and John H. Schneider individually.

- The Bankruptcy Estate released any and all claims that it has against Meridian.

- Meridian is not attempting to recover any money or other assets from John H. Schneider or Michelle Schneider. The Trustee is suing John H. Schneider and Michelle Schneider for money and for property of the Estate.

- Meridian has an award against SLP only.

- The Trustee entered into a settlement with the Schneider Parties pursuant to which all of the Trustee's claims against SLP were settled and dismissed, with

prejudice. Accordingly, the Bankruptcy Estate does not include and does not have a claim against SLP.

- The Trustee's adversary action is founded upon an earlier adversary case that did not involve Meridian and the settlement of that adversary case, which also did not involve Meridian.

Again, as the court in *Khalafala* clearly indicated, one common denominator, in that case, the time in the treatment center and jail, in this case, the Settlement Agreement, does not justify the consolidation of otherwise completely unrelated actions. There are no overlapping questions of fact or law in deciding the actions before the Court, as required by F. R. Civ. P., Rule 42(a)(2). Consolidating the actions would result in a "completely unwieldy case." Since there are no similar issues, legal theories, or questions of law, consolidating the present actions will only cause delay and confusion. Therefore, this Court should deny Movants' Motion to Consolidate.

## CONCLUSION

The Court should deny the Schneider Parties motion to consolidate. They have not sustained their burden of proving that the three matters involve common questions of law and fact, events, defendants, and claims. The AAA arbitration hearing, the motion for adverse inferences (Exhibit "6") and the AAA Findings of Fact (Exhibit "3") are separate and distinct from the most recent adversary action filed by the Trustee.

DATED this 25th day of July, 2017.

                                MOULTON BELLINGHAM PC

                                By  */s/ Doug James*
                                    DOUG JAMES

                                27 N. 27th Street, Suite 1900
                                P. O. Box 2559
                                Billings, Montana 59103-2559

                                Attorneys for Meridian Surgical
                                Partners Montana, LLC and Meridian
                                Surgical Partners, LLC

4820-3655-8412, v. 1