## MUTUAL RELEASE OF CLAIMS

THIS MUTUAL RELEASE AGREEMENT ("Mutual Release") is made on this 10th day of June, 2016, by and between:

1. **JOSEPH V. WOMACK, as TRUSTEE** (the "Trustee") of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the United States Bankruptcy Court for the District of Montana, Case 14-61357-7 (the "Estate"), with a mailing address of 303 North Broadway, Billings, Montana, 59101; and

2. **MERIDIAN SURGICAL PARTNERS – MONTANA, LLC** and **MERIDIAN SURGICAL PARTNERS, LLC** (both LLC's are collectively referred to as "Meridian").

The parties hereto are hereinafter sometimes singularly referred to as a "Party" and collectively as the "Parties".

### RECITALS:

WHEREAS the Trustee and Meridian entered into a Settlement Agreement and Release (the "Settlement") on May 18, 2016 in the Bankruptcy Case of John H. Schneider, Case No. 14-61357 pending before the Bankruptcy Court for the District of Montana.

WHEREAS the terms of the Settlement stipulated that the Parties provide full mutual releases to each other and that such releases shall be drafted and construed to the broadest extent possible.

WHEREAS the Bankruptcy Court for the District of Montana issued an Order in Chapter 7 Bankruptcy Case of John Henry Schneider, Case 14-61357-7, approving the Settlement between the Parties on May 24, 2016 (Docket No. 384) and on May 27, 2016 (Docket No. 412).

### MUTUAL RELEASE:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1. **Incorporation of Settlement.** The aforementioned Settlement between the Parties is incorporated in its entirety into and made part of this Mutual Release. A copy of the Settlement is attached as Exhibit A.

2. **Release of Claims by the Trustee and Estate.** In consideration of the terms and covenants contained in the Settlement and this Mutual Release, the Trustee and the Bankruptcy Estate of John Henry Schneider acknowledge and agree that, they shall have no claims against Meridian and hereby fully and forever acquit, release, and discharge Meridian and any and all of Meridian's past, present or future representatives,

1

EXHIBIT 2

officers, directors, stock holders, members, partners, predecessors, successors, assigns, agents, subsidiaries, affiliates, member companies, employees, insurers and attorneys of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("Claims"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the parties, excepting any claims related to performance of the Settlement or this Mutual Release.

3. **Release of Claims by Meridian.** In consideration of the terms and covenants contained in the Settlement and this Mutual Release, Meridian acknowledges and agrees that it shall have no claims against the Trustee and the Bankruptcy Estate of John Henry Schneider, and hereby fully and forever acquits and releases, and discharges the Trustee and the Bankruptcy Estate of John Henry Schneider and their attorneys, of and from all past, present or future actions, causes of action, claims, cross-claims, counterclaims or other claims, demands, obligations, rights, damages, costs, loss of services, expenses and compensation (including, without limitation, any and all known and unknown injuries, property damages and all other types of damages, including attorney's fees and punitive damages), whether based on a tort, contract, or other theory of recovery ("Claims"), which each of the parties may now have, whether asserted or unasserted, known or unknown, foreseen or unforeseen, existing or which may arise in the future, as to the parties, excepting any claims related to performance of this Mutual Release.

4. This release shall be construed to the broadest extent possible excepting only the obligations the Trustee, the Estate, and Meridian have to fulfill the terms of the Settlement, or as otherwise provided in this Mutual Release.

5. The release by Meridian expressly includes any and all Pre-Petition claims that Meridian may have against John Henry Schneider, individually, and/or the John Henry Schneider Bankruptcy Estate.

6. The release by the Trustee and the Bankruptcy Estate of John Henry Schneider expressly includes any and all Pre-Petition claims that the Trustee, John Henry Schneider, individually, or the John Henry Schneider Bankruptcy Estate may have against Meridian, including but not limited to the $15 million claim disclosed on the Debtor's Bankruptcy Schedules and Amended Bankruptcy Schedules.

7. REGARDLESS OF ANYTHING CONTAINED HEREIN TO THE CONTRARY, THIS RELEASE DOES NOT APPLY TO ANY CLAIMS ASSERTED BY MERIDIAN AGAINST ANY PARTY IN THE ARBITRATION, OTHER THAN THE TRUSTEE AND DEBTOR JOHN HENRY SCHNEIDER, INDIVIDUALLY.

2

8. **No Admission of Liability.** It is understood that the terms of the Settlement, including but not limited to the Bankruptcy Estate payment to Meridian of the sum of $6,600.00, and this Mutual Release are accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither consent by the Parties nor the negotiations for settlement shall be considered as an admission of liability.

9. **Disclaimer.** The Parties have carefully read the foregoing, discussed its legal effect with their respective attorneys, understand the contents thereof, and sign the same on their own free will and accord.

10. **Binding Effect.** This Mutual Release shall inure to the benefit of and be binding upon the parties and their respective heirs, successors, assigns and legal representatives.

11. **Severability.** Should any provision of this Release be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

12. **Choice of Law.** The laws of the State of Montana shall apply to the interpretation of this Release.

13. **Facsimiles and Counterparts.** This Mutual Release may be executed in two or more counterparts, whether by original, facsimile signature or electronic signature with appropriate authority, each of which shall be deemed an original, but all of which shall be one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Mutual Release as of the dates below, [signatures on following pages].

3

|                          | Trustee                                                                                                                                                     |
|--------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Dated: June 10, 2016.    | *Joseph V. Womack* (signed)<br>Joseph V. Womack, as Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the U.S. Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357 |

Meridian Surgical Partners - Montana, LLC

Dated: June___, 2016.

By: _____
Its:

Meridian Surgical Partners, LLC

Dated: June___, 2016.

By: _____
Its:

State of Montana        )
                        ) ss.
County of _____ )

On this 10th day of June, 2016, before me, the undersigned, a Notary Public for the State of Montana, personally appeared Joseph V. Womack, known to be to the Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the U.S. Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357.

IN WITNESS WHEREOF, I have here unto set my hand and affixed my notarial seal the day and year in this certificate first above written.

[Notary Seal: VICKIE TIRY, NOTARY PUBLIC for the State of Montana, Residing at Laurel, Montana, My Commission Expires January 30, 2020]

*Vickie Tiry* (signed)
Typed or Printed Name: Vickie Tiry
Notary Public, State of Montana
Residing at: Laurel, Montana
My Commission Expires: 1/30/2020

4

Trustee

Dated: June___, 2016.

_____
Joseph V. Womack, as Trustee of the Chapter 7
bankruptcy estate of John Henry Schneider,
Debtor, in the U.S. Bankruptcy Court for the
District of Montana, Bankr. Case No. 14-61357

Meridian Surgical Partners - Montana, LLC

Dated: June___, 2016.

_____
By: JOHN CURLSON JR
Its: CEO

Meridian Surgical Partners, LLC

Dated: June___, 2016.

_____
By: JOHN CURLSON JR
Its: CEO

State of Montana       )
                       )ss.
County of _____ )

  On this ___ day of June, 2016, before me, the undersigned, a Notary Public for the State of Montana, personally appeared Joseph V. Womack, known to be to the Trustee of the Chapter 7 bankruptcy estate of John Henry Schneider, Debtor, in the U.S. Bankruptcy Court for the District of Montana, Bankr. Case No. 14-61357.

  IN WITNESS WHEREOF, I have here unto set my hand and affixed my notarial seal the day and year in this certificate first above written.

_____
Typed or Printed Name: _____
Notary Public, State of Montana
Residing at: _____
My Commission Expires: _____

4